UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff(s),<br><br>　v.<br><br>JESUS G. CASTRO,<br><br>　　　　　　　　Defendant(s). | Case No. 2:21-CR-232 JCM (BNW)<br><br>ORDER |

Presently before the court is defendant Jesus Castro ("defendant")'s motion for sentence reduction under 18 U.S.C. § 3582(c)(2). (ECF No. 20). The government filed a response to defendant's motion (ECF No. 22), in which it indicated it did not oppose defendant's request.

On February 16, 2022, the court sentenced defendant to forty-six (46) months' imprisonment and three years of supervised release for willful failure to collect or pay over tax. (ECF No. 12). At the time of sentencing, defendant's total offense level was calculated to be twenty-three (23), and his criminal history category was I, rendering a guideline sentencing range of forty-six (46) to fifty-seven (57) months.

Subsequent to defendant's sentencing, Amendment 821 to the United States Sentencing Guidelines took effect on November 1, 2023. On August 31, 2023, the sentencing commission amended USSG §1B1.10 to make the application of the new guideline at USSG §4C1.1 retroactive. The amendment provides a decrease of two levels from the offense level determined under Chapters Two and Three for defendants who meet the following criteria:

**James C. Mahan**
**U.S. District Judge**

    (1) the defendant did not receive any criminal history points from Chapter Four, Part A;

    (2) the defendant did not receive an adjustment under USSG §3A1.4 (terrorism);

    (3) the defendant did not use violence or credible threats of violence in connection with the offense;

    (4) the offense did not result in death or serious bodily injury;

    (5) the instant offense of conviction is not a sex offense;

    (6) the defendant did not personally cause financial hardship;

    (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

    (8) the instant offense of conviction is not covered by USSG §2H1.1 (offenses involving individual rights);

    (9) the defendant did not receive an adjustment under USSG §3A1.1 (hate crime motivation or vulnerable victim) or USSG §3A1.5 (serious human rights offense); and

    (10)  the defendant did not receive an adjustment USSG §3B1.1 (aggravating role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

USSG §4C1.1.

Defendant has zero criminal history points and meets all ten of the criteria delineated in the amendment. Accordingly, his total offense level should be reduced from twenty-three (23) to twenty-one (21). The guideline sentencing range for a total offense level of twenty-one (21) for an individual with a criminal history category of I is thirty-seven (37) to forty-six (46) months' imprisonment.

Given that the court sentenced defendant to the low-end guideline range for the prior offense level at his sentencing hearing, defendant now asks the court to do the same when using

**James C. Mahan**
**U.S. District Judge**

- 2 -

the new total offense level. This would result in a sentence of thirty-seven (37) months' imprisonment. The government concurs with the proposed sentence.

The court has received no reports indicating that defendant has engaged in any negative behavior while incarcerated at FCI Victorville, California, where he has been detained since July 20, 2022. Given his compliance while in custody and the downward adjustment of the sentencing guideline range pursuant to USSG §4C1.1, the court finds that a sentence reduction is appropriate. Defendant's sentence is reduced from forty-six (46) to thirty-seven (37) months' imprisonment.

There are special instructions regarding the new amendment that the court must elucidate. Pursuant to USSG §1B1.10(e)(2), any sentence reduction ordered by the court cannot become effective until February 1, 2024. Having considered the motion, the government's response, and taking into account the policy statement set forth in USSG §1B1.10, and the sentencing factors set forth in 18 U.S.C. § 3553(a), a sentence reduction is proper in this circumstance.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant Jesus Castro's motion for sentence reduction under 18 U.S.C. § 3582(c)(2) (ECF No. 20) be, and the same hereby is, GRANTED.

Defendant's sentence of imprisonment is reduced to a term of thirty-seven (37) months. All other terms of the judgment (ECF No. 12) remain unchanged.

IT IS FURTHER ORDERED that this order shall not become effective until February 1, 2024.

DATED November 15, 2023.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -